PROVIDED TO MARION C.I. ON
8-14-17 FOR MAILING.
CNS

# UNITED STATES DISTRICT COURT (A)
### Jacksonville 42 U.S.C. 1983

Christopher D. Dyal,
    Plaintiff,

v.

CASE NUMBER:
3:17-cv-933-J-34JBT

Julie L. Jones, Dept. of Corrections,
Corizon Medical Proprietor,
Choung Le, M.D. F.S.P. Corizon,
Wilbur Bala, M.D. Corizon Putnam C.I.,
Mr. Pinston Waste Water Treatment Supervisor, (F.S.P)
Mr. Carter Waste Water Treatment Supervisor, (F.S.P)
K. Potts R.N. (F.S.P.) Corizon,
C. Congleton S.L.P.N. Putnam C.I. Corizon,
N. Wring S.L.P.N. Putnam C.I. Corizon,
B. Reilly S.R.N. Putman C.I. Corizon,
F.S.P. Waste Water Treatment Plant,
    Defendant(s).

_____/

## I. Jurisdiction and Venue (B)

(1.)    This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of State law, of rights secured by the constitution of the United States. The Court has Jurisdiction under 28 U.S.C. section 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. section 2201 and 2202. Plaintiff's claims for Injunctive relief are authorized by 28 U.S.C. section 2283 and 2284 and Rule 65 of the Federal Rules of Civil procedure.

(2.)    The Jacksonville district is an appropriate venue under 28 U.S.C. section 1391(b)(2) because it is where the events giving rise to this claim occurred.

## Plaintiff's (C)

(3.)   Plaintiff Christopher D. Dyal is and was at all times mentioned herein a prisoner of the State of Florida in the custody of the Department of Corrections. He/she is currently confined in Marion Correctional Institution, in Lowell, Florida.

(4.)   Defendant: Julie L. Jones is the Secretary of the State of Florida Department of Corrections. He/she is legally responsible for the overall operation of the Department and each Institution under its Jurisdiction including, Marion C.I. also Florida State Prison.

(5.)   Defendant: Corizon Medical Proprietor is medical proprietor for the Florida Department of Corrections, and is legally responsible for the welfare and medical treatment of the prisoners under the control of the Florida Department of Corrections.

(6.)   Defendant: Chong Le is a Medical Doctor and is responsible for the welfare of Inmates at the Florida State Prison.

(7.)   Defendant: Wilbur Bala is a Medical Doctor and is responsible for the welfare of the Inmates at Putnam Correctional Institution.

(8.)   Defendant: K. Potts is a Registered Nurse and is responsible for the welfare of Inmates at Florida State Prison.

(9.)   Defendant: C. Congleton is a Registered Nurse, and is responsible for the welfare of the Inmates at Putnam Correctional Institution.

(10.)   Defendant: N. Wring is a Registered Nurse, and is responsible for the welfare of Inmates at Putnam Correctional Institution.

(11.)   Defendant: B. Reilly is a Registered Nurse, and is responsible of the welfare of Inmates at Putnam Correctional Institutional.

## VI. Statement Of Facts

State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

(12.)   **Claim (1)**   From 5/16-6/16 I was assigned to the Wastewater Treatment Plant at Florida State Prison. I was forced against my will to climb down a 20 to 30-step staircase to clean the first stage of raw human sewage. There was a screen that was not working. I was forced to rake, shovel and carry a garbage can full of Human waste to the top of the tank and then bump it in a dumpster. On several occasions, I ask my Supervisors for the proper safety equipment that was required from a confined space. I was refuse and told only rubber latex gloves and boots were necessary for the job. After about a month, I contracted a rash on my face, arms, chest, neck, and inside my mouth; due to the negligence of Staff members. There was blood and Macliac waste also flowing from this tank.

(13.)   **Claim (2)**   From 5/18/16 I have been refused and denied the proper Medical Treatment by Corizon Medical Staff. I went to sick call at Florida State Prison. As soon as I told them I was exposed to raw Human waste at my job I was

transferred the next day. I went to sick call at Putnam C.I. my treatment was good until I wrote a grievance on the Waste Water Treatment Plant. After this, I was refused to see the Doctor and told my problem was not serious enough to see the Doctor. I was not seen by the Doctor until I went to Dental for a normal cleaning of my teeth. I had so many sores in my mouth that he could not perform his duties. He postponed my visit and told me he was going to prescribe me a mouthwash. I showed him the sores on my face and was told I would have to see a Doctor for Medical not Dental. The sores returned after the mouthwash. I was sent to Lake Butler to see a specialist that gave me another mouthwash. My sores returned a few weeks of the prescription. All these facts can be proven in my Dental and Medical files. I'm still having these problems today.

(14.)   **Claim (3)**   From November of 2016 I've grieved the problems in this motion. Due to the fact that my problem could have been dealt with before I am subject to permanent disfigurement. Julie L. Jones is responsible for the grievance response and is legally responsible for the overall operations of the Department of Corrections and any Institution under its jurisdiction.

## II. Exhaustion Of Legal Remedies

(15.)   The Plaintiff used all three stops of the grievance process to try and solve this problem with no remedy.

Grievance #'s    208-162-0002;
                 17-6-00227;
                 1701-214-010;
                 17-6-06857.

(16.)   The Plaintiff used all three steps of the grievance process to try and solve this problem with no remedy.

Grievance #    214-1703-0004.

(17.)   The Plaintiff used all three steps of the grievance process to try and solve this problem with no remedy.

Grievance #    17-6-06857.

(18.)   The Plaintiff used all three steps of the grievance process to try and solve this problem with no remedy.

Grievance #    304-1704-083.

(19.)   The Plaintiff used a direct grievance to the Secretary on 2-1-17 with no remedy.

Grievance #    17-6-02959.

(20.)   The Plaintiff used all three steps of the grievance process to try and solve this problem with no remedy.

Grievance #    304-1706-007.

(21.)   The Plaintiff used all three steps of the grievance process to try and solve this problem with no remedy.

Grievance #    304-1705-105.

(22.)   The Plaintiff used the request procedure to try and get copy of grievances that were took by Officers but was refused. All grievances stated are fully exhausted, plaintiffs Inmate profile may be viewed for this information. The plaintiff has provided all grievances that are left after search. Request provided.

(23.)   The Plaintiff used all three steps of the grievance process to try and solve this problem with no remedy.

Grievance #    17-6-28793.

(24.)   The Plaintiff used all three steps of the grievance process to try and solve this problem with no remedy.

Grievance #    1707-304-010.

## Legal Claims

(25.)   Plaintiff's re-allege and incorporate by reference paragraphs (1-22)

(26.)   The deliberated indifference also cruel and unusual punishment violated Plaintiff Christopher D. Dyal's Constitutional Rights and Constituted deliberate indifference, and cruel and unusual punishment. Under the Eighth and Fourteenth Amendment of the United States Constitution.

(27.)   The Plaintiff has not plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of defendants unless the Court grants the declaratory and injunctive relief which plaintiff seeks.

## VII. Relief Requested Claims 1 and 3
### Department of Corrections Julie L. Jones

(28.) A declaration that the acts and omissions described herein, violated Plaintiffs Civil Rights under the Constitutions and Law of the United States.

(29.) Punitive damages against each Defendant joints and severally in the amount of set forth by this Honorable Court.

(30.) Compensatory Damage to be equally divided for the permanent damage to my body, to be set at $500,000.00 American Dollars.

(31.) Nominal Damage: A declaration that acts as protection from this type of negligence in the occupational and safety set forth for this type of maintenance.

(32.) A new Safety Inspection Log set forth for the licensed Supervisor to sign after he inspects the area to approve the safety of the inmate workers, for the maintenance or manual cleanings of any damaged wastewater screen. The line is to be signed, dotted, and timed by the licensed Supervisor also the inmate who will perform the task. This will occur at the start and end of each task.

(33.) A declaration that places every licensed Supervisor who signs log has the legal and Supervising responsibility for every inmate who maintenance of cleans a wastewater treatment screen.

(34.) A declaration that sets a new standard of safety regulations for wastewater screen clean up. That proves the workers to be provided with safety equipment that will not let this type of problem to reoccur.

(35.) A declaration that every inmate, in the Florida Department of Corrections, that is a student in Wastewater Treatment class must have a hazmat training class prior to any hands-on training on the Wastewater Treatment Plant.

(36.) A declaration that every inmate in the Florida Department of Corrections that is assigned to a wastewater treatment plant as a part or full time employer must have a hazmat training class prior to any duties performed on the site of the Wastewater Treatment Plant.

(37.) A declaration that forces any inmate who must perform the duties of maintenance or manual cleaning of a wastewater screen to wear a full hazard suit, splash mask safety glasses, latex gloves, and rubber boots.

(38.) A permanent injunction be placed against the Defendants in this case, that should be set forth by this Honorable Court.

(39.) A jury trial on all issues triable by jury.

(40.) Any additional relief this Court deems just, proper, and equitable.

(41.) Plaintiffs cost in suit.

## Relief Requested Claim #2
### Corizon Medical Choung Le, M.D. Wilbur Bala, M.D.

(42.) A declaration that acts as an omission described herein, violated Plaintiffs Civil Rights under the Constitution and Laws of the United States.

(43.) Punitive Damages: against each Defendant jointly and severely to be set forth by this Honorable Court.

(44.) Compensatory Damage: To be equally divided for the permanent damage to the Plaintiff's body to be set at $500,000.00 American Dollars.

(45.) A jury trial on all issues triable by jury.

(46.) Any additional relief this Court deems just, proper, and equitable.

(47.) Plaintiffs cost in suit.

(48.) Signed this _____ day of August, 2017.

> Christopher D. Dyal, 958733
> Marion Correctional Institution
> P.O. Box 158
> Lowell, Florida  32663-0158

I have read the forgoing Complaint and hereby verify that the matters alleged therein are true except as to matters alleged on information and belier, and, as to those, I believe them to be true, I certify under penalty of perjury that the forgoing is true and correct.

_____
Christopher D. Dial, 958733