UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER D. DYAL,

        Plaintiff,

v.                                                Case No. 3:17-cv-933-J-34JBT

JULIE L. JONES, et al.

        Defendants.
_____

## ORDER

Plaintiff, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint Form (Doc. 1). In an Order dated August 31, 2017, this Court granted Plaintiff's request to proceed in forma pauperis and directed Plaintiff to submit an amended complaint to cure various deficiencies. See Order Doc. 5. Plaintiff filed an Amended Complaint on October 16, 2017 (Doc. 8) and subsequently filed a motion requesting courtesy copies of his Amended Complaint and exhibits because his documents were allegedly confiscated during a cell lockdown and search (Doc. 9). The Court granted his request for copies at the cost of $.50 per page.[1] See Order (Doc. 11). The Court also granted Plaintiff's motion to file a second amended complaint (Doc. 10). See id.

Plaintiff did not submit payment for copies of his former pleadings. Rather, on December 11, 2017, Plaintiff filed a Motion Requesting Copies in which he requests the Court provide copies of his original and amended complaints free of charge (Doc. 12;

---

[1] Plaintiff's Original Complaint, with Exhibits, comprises 35 pages, and his Amended Complaint comprises 25 pages.

Motion). While the Motion does not indicate why he requires copies of his previously-filed pleadings, presumably Plaintiff requested them to assist him while preparing yet another amended complaint. Notably, however, on December 19, 2017, Plaintiff filed a Second Amended Complaint (Doc. 13), which arguably has mooted his Motion. In any event, Plaintiff's Motion is procedurally and substantively deficient and due to be denied.

Procedurally, Plaintiff has failed to sign the motion or include a memorandum of law. Substantively, Plaintiff's Motion rests upon an apparent belief that he is entitled to a waiver of the copy costs because he is indigent and this Court has granted him permission to proceed as a pauper. Motion at 1. This belief is incorrect. A plaintiff's in forma pauperis status does not entitle him to free copies of pleadings, motions, orders, or other papers in the case file. Jackson v. Florida Dep't of Fin. Servs., 479 F. App'x 289, 292-93 (11th Cir. 2012) ("This Court has never held that a prisoner's right of access to the courts entitles a prisoner-plaintiff, even one proceeding in forma pauperis, to free copies of court documents, including his own pleadings."). In his Motion, Plaintiff also claims his legal documents "have been confiscated in retaliation and Campaign of Harassment," citing Federal Rules of Criminal Procedure in support of his requested relief from these alleged actions. Id. at 1-2. Plaintiff is advised that this civil rights action is governed by the Federal Rules of Civil Procedure and this Court's Local Rules.

As to Plaintiff's Second Amended Complaint, it continues to suffer from many of the same deficiencies as those noted previously. See Order (Doc. 5). Although Plaintiff is proceeding pro se, he must follow the Federal Rules of Civil Procedure. See Moon v. Newsome, 863 F.2d 835, 837-38 (11th Cir. 1989). Rule 8(a) requires a pleading to include a short and plain statement of the claim showing that the pleader is entitled to

2

relief. To survive dismissal, a complaint must allege facts that, accepted as true, state a claim "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." Id.

To avoid dismissal, Plaintiff must submit a Third Amended Complaint, keeping in mind the following:

1. Plaintiff's amended complaint must contain all claims and allegations that he wishes to raise, and it must not refer back to the original or amended complaints. This case number (**3:17-cv-933-J-34JBT**) should be affixed to the civil rights complaint form, and the words "Third Amended Complaint" should be written on the top of the form.

2. Plaintiff must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation(s). He must state their full names (to the extent he knows them) in the style of the case on the first page and, in section I.B., provide current addresses for each defendant so the Court can direct service of process. Plaintiff must ensure that the list of named defendants on the first page matches the list of named defendants in section I.B. If the lists do not match, the Court may strike the amended complaint and direct Plaintiff to refile it.

3. In section IV, "Statement of Claim," Plaintiff must concisely set forth how each named defendant was involved in any alleged violation. Plaintiff must provide enough information to allow each defendant to understand the nature of the claim and allegations against him/her such that each defendant may adequately prepare a responsive pleading. In his SAC, Plaintiff names multiple defendants, yet he fails to

explain how they were involved in any alleged constitutional violations. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–55 (2007).

4. Under "Injuries" in section V, Plaintiff must state how each defendant's action or omission injured him. There must be a causal connection between each defendant's acts or omissions and the alleged constitutional deprivation(s).

5. If Plaintiff names defendants who hold supervisory positions and/or who are not directly involved in the day-to-day operations of the penal facility, such as a warden or the Secretary of the Florida Department of Corrections, Plaintiff should be aware that supervisory liability (respondeat superior) has been rejected as a theory of recovery under § 1983. See Keith v. DeKalb Cty., Ga., 749 F.3d 1034, 1047 (11th Cir. 2014) (citing Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)).

6. The plaintiff must sign and date the amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Before signing the amended complaint, he must ensure his assertions are truthful and he has not knowingly made false material declarations. He must neither exaggerate nor distort the facts but instead must truthfully state the facts underlying his claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623, is

punishable by a fine, imprisonment, or both. In completing a third amended complaint, if Plaintiff finds copies of his prior pleadings would be useful, he may still obtain copies upon his forwarding to the Court appropriate payment. The Court notes that Plaintiff's need for copies of former pleadings may no longer be necessary in light of his filing a Second Amended Complaint (Doc. 13) and this Order.

Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion requesting copies free of charge (Doc. 12) is **DENIED**.

2. The **Clerk of Court** is directed to send Plaintiff a civil rights complaint form. No later than **March 5, 2018**, Plaintiff must file an amended complaint on the enclosed civil rights complaint form consistent with the directions given in this Order and the prior Order (Doc. 5), as well as the instructions on the form. Also by **March 5, 2018**, Plaintiff must mail to the Clerk of Court one complete and organized copy of his amended complaint, including all exhibits, for <u>each</u> named defendant.

Plaintiff's failure to timely file a sufficient amended complaint or failure to submit one copy of the amended complaint for each named defendant may result in the dismissal of this case without further notice.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of February, 2018.

_/s/ Joel B. Toomey_
JOEL B. TOOMEY
United States Magistrate Judge

Jax-6 2/5
c:      Christopher D. Dyal, #958733