UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER D. DYAL,

        Plaintiff,

v.                                    Case No. 3:17-cv-933-J-34JBT

PINKSTON AND CARTER,

        Defendants.

**ORDER**

**I. Status**

Plaintiff Christopher D. Dyal, an inmate of the Florida penal system, initiated this action on August 15, 2017, by filing a Civil Rights Complaint (Complaint; Doc. 1) pursuant to 42 U.S.C. § 1983. He filed an Amended Complaint (Doc. 8) on October 16, 2017, a Second Amended Complaint (Doc. 13) on December 19, 2017, and a Third Amended Complaint (TAC; Doc. 15) on March 2, 2018. In the TAC, Dyal names Patrick Carter and Truman Pinkston, supervisors of the wastewater treatment (WWT) plant at Florida State Prison (FSP). He asserts that the Defendants violated his federal constitutional

rights when they failed to protect him from harmful health risks at the WWT plant from May through June 2016. As relief, he requests declaratory and injunctive relief as well as compensatory, punitive, and nominal damages.

Before the Court is Defendants Carter and Pinkston's Motion to Dismiss (Motion; Doc. 20), filed May 14, 2018. The Court advised Dyal that granting a motion to dismiss would be an adjudication of the case that could foreclose subsequent litigation on the matter, and gave him an opportunity to respond to the Motion. See Order (Doc. 16). Dyal filed a response in opposition to the Motion. See Opposition to Motion to Dismiss (Response; Doc. 23). Accordingly, this matter is ripe for review.

## II. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give

the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at

570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[1] (quoting GJR Invs., Inc. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 706).

### III. Discussion

Dyal asserts that, on multiple occasions from May 2016 through June 2016, Defendants forced him to rake and shovel waste, and carry garbage cans filled with waste up twenty to thirty steps to dump the contents into a dumpster. See TAC at 12, 14. He states that Defendants equipped him with only rubber boots and gloves. See id. He avers that Defendants should have provided him with additional protective equipment, such as a face mask and eye and clothing protection. See id. He declares that he suffered with

---

[1] "Although an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

face, mouth, neck, and arm sores, and has permanent facial and bodily scarring.

First, Defendants maintain that they are entitled to Eleventh Amendment immunity. See Motion at 3-4. Dyal asserts that he sues Defendants in their individual capacities, not official capacities. See Response at 1-2. In the TAC, Dyal listed the Defendants, and checked the boxes indicating that he sues them in their individual capacities, not official capacities. See TAC at 2. Therefore, Defendants' Motion is due to be denied as moot as to Dyal's claims for monetary damages from them in their official capacities.

Next, Defendants assert that Dyal's claim for injunctive relief should be dismissed as moot because "there are no continuing constitutional infringements on his rights," and therefore, "a protective injunction is unwarranted." Motion at 6. Dyal does not oppose Defendants' assertion, and asks that the Court dismiss his injunctive-relief request without prejudice since he no longer resides at FSP and "it is impossible to have contact with the Defendants." Response at 2.[2] Accordingly, Dyal's request to voluntarily dismiss his injunctive-relief application in the TAC will be granted, and Defendants' Motion is due to be denied as moot as to their request to dismiss Dyal's prayer for injunctive relief.

---

[2] Dyal maintains that he is entitled to declaratory relief. See Response at 1, 3.

In consideration of the foregoing, it is now

**ORDERED**:

1. Defendants Carter and Pinkston's Motion to Dismiss (Doc. 20) is **DENIED as moot**.

2. Plaintiff's request to dismiss his injunctive-relief application in the Third Amended Complaint (Doc. 23) is **GRANTED**.

3. Defendants, **no later than November 26, 2018**, must answer or otherwise respond to the Third Amended Complaint.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of October, 2018.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

sc 10/22
c:
Christopher D. Dyal, FDOC # 958733
Counsel of Record